IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HUMBLE,<br>    ID # 02363088,<br>        Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:23-CV-2094-N-BW |
| | § | |
| JAMADRE ENGE, et al.,<br>        Defendants. | §<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE**

Based on the relevant filings and applicable law, the Court should **DISMISS** this civil rights action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

## I.  BACKGROUND

While incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), Plaintiff Christopher Humble filed this action alleging violations of his civil rights in connection with the faith-based housing program at his unit of incarceration.  (*See* Dkt. No. 3.)  Because it appeared from available records that Humble was no longer in the custody of TDCJ-CID, and he had not updated his address in accordance with the Court's local rules, the Court issued an Order Requiring Plaintiff to Inform Court of Intent to Proceed on October 6, 2025.  (*See* Dkt. No. 29.)  By that order, Humble was ordered to file a Notice of

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.  By Special Order No. 3-354, it was transferred and reassigned to the undersigned on August 23, 2024.  (*See* Dkt. No. 20.)

Intent to Proceed by October 27, 2025, if he wished to proceed in this case. (*See id.* at 1.) He was warned that a failure to file a Notice of Intent to Proceed and report his current address could result in a recommendation that this action be dismissed for failure to prosecute and follow court orders. (*See id.* at 2.) On October 27, 2025, the October 6 order was returned to the Court as undeliverable. (*See* Dkt. No. 30.)

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Humble has failed to comply with the Court's October 6 order to file a Notice of Intent to Proceed and to update his address, despite a warning that failure to comply could result in a recommendation that this action be dismissed. By not complying with the Court's October 6 order and instructions to update his address, Humble prevents this action from proceeding and has failed to prosecute this lawsuit.

2

Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

### III.  RECOMMENDATION

The Court should **DISMISS** this civil rights action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on October 29, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).